```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

STANLEY L. JOHNSON,            )
                               )
           Petitioner,         )
                               )
      v.                       )     No. 4:09-CV-364-DDN
                               )
UNKNOWN HARTENBACH, et al.,    )
                               )
           Respondents.        )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Stanley L. Johnson's "Petition for Writ of Mandamus" and motion for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the motion, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

### The petition

Petitioner, an inmate at the Potosi Correctional Center, filed the instant petition for writ of mandamus, alleging that respondents have violated his right to a speedy trial and that he is receiving ineffective assistance of counsel relative to an ongoing underlying state criminal action. He seeks his immediate release, as well as dismissal of the pending state charges, with prejudice.

## Discussion

The Court will liberally construe the instant action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only will petitioner have the opportunity to raise constitutional challenges in the context of his state criminal proceedings, but the State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondents, because it appears that

petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 11th day of May, 2009.

                        **/s/ Jean C. Hamilton**
                        **UNITED STATES DISTRICT JUDGE**